JAMES A. WOODWARD and Others, Copartners, Doing Business under the Firm Name and Style of MOYSE & HOLMES, Respondents, *v.* ABE SCHIFF, Appellant.

First Department, November 18, 1932.

*William F. Unger* of counsel [*David J. Colton* with him on the brief; *Gilman & Unger*, attorneys], for the appellant.

*B. F. Norris* of counsel [*Frank R. Pitt* with him on the brief; *Bouvier & Beale*, attorneys], for the respondents.

O'MALLEY, J. The judgment appealed from represents a debit balance arising out of a marginal account which plaintiffs, stockbrokers, carried for the defendant, their customer. A counterclaim for damages by reason of the plaintiffs' alleged conversion of certain stocks carried in the account was dismissed. By this appeal the defendant seeks reversal, in so far as the judgment dismisses the counterclaim, and for judgment in his favor to the extent that his alleged damages exceed the debit balance sought to be recovered.

The conversion charged is predicated upon (1) an unauthorized sale of all stocks in the account; (2) failure to call for additional margin before such sale; and (3) failure to give notice of time and place.

The evidence essential to a decision shows that on October 23, 1929, the defendant was carrying in excess of one thousand shares

of stock on margin, in which he had a claimed equity of upwards of $60,000. On October twenty-fourth, the day following, occurred a serious break or panic. Defendant testified that about twelve-thirty he was summoned to plaintiffs' office by telephone and on reaching there a little after one o'clock he was informed by Mr. Suydam, plaintiffs' office manager, that his entire account had been sold out. In this he was supported by the testimony of the plaintiffs' customers' man, Harry Schiff, and by another witness who was present and heard the conversation. Defendant further testified that when he asked the office manager by what authority the sales were made, the latter replied that authority to sell in the crisis that then obtained was not required.

Between October twenty-fourth and October thirtieth the defendant testified that he made several efforts to telephone to ascertain the prices at which his stock was sold as he was of an opinion that a credit balance in his favor had resulted. On the thirtieth he was informed by Schiff, plaintiffs' customers' man, that only a part of his stock had been sold on the twenty-fourth and that the balance was sold on the twenty-ninth. That only a portion of defendant's holdings were sold on the twenty-fourth and that his account was not finally closed out until the twenty-ninth is conceded.

Plaintiffs' office manager denied having informed the defendant that he had been sold out on the twenty-fourth. His testimony was to the effect that additional margin had been demanded of the defendant on the twenty-third; that defendant reached plaintiffs' office about twelve o'clock on the twenty-fourth, and after being informed that the account was undermargined, defendant authorized the sale of 200 shares of Radio, 100 shares of American Home Products, and 100 shares of Drug, Incorporated. However, as to sales of other stocks on the twenty-fourth, or as to any sales made on the twenty-ninth, the plaintiffs were unable to show any authority from the defendant. So, too, with respect to these unauthorized sales, the plaintiffs failed to show that they gave to the defendant any notice whatever as to time and place.

For the purposes of this appeal the defendant waives claim to damages for the three sales made on the twenty-fourth, for which plaintiffs' officer claimed to have authority from the defendant. His claim for damages is predicated upon the wrongful sales on the twenty-fourth and twenty-ninth for which plaintiffs showed no authority and as to which defendant had no notice of time and place.

Our conclusion is that defendant is entitled to recover upon his counterclaim to the extent here indicated. While defendant

denied receiving any demand for additional margin except as such may be implied by his having been summoned to plaintiffs' office on the twenty-fourth, we will assume that the trial justice was warranted in giving credence to plaintiffs' evidence to the effect that $9,000 additional margin was demanded by wire on October twenty-third, and that in the circumstances disclosed such demand was reasonable. Assuming, also, defendant's failure or refusal to comply, such failure or refusal would not justify plaintiffs in selling defendant's stock without giving him reasonable notice of time and place of sale, in the absence of a contrary agreement between the parties. (*Rothschild* v. *Allen*, 90 App. Div. 233; affd., 180 N. Y. 561; *Small* v. *Housman*, 208 id. 115; *Thompson* v. *Baily*, 220 id. 471, 475; *Mayer* v. *Monzo*, 221 id. 442, 445; Gilman's Stock Exchange Laws, pp. 158–160; Campbell's Law of Stockbrokers [3d ed.], § 8, pp. 52–54.) As stated in *Wheeler* v. *Newbould* (16 N. Y. 392, 401), " The object to be attained by giving the notice is to afford the debtor an opportunity to redeem, and to be present at the sale to see and know that it is fairly conducted and the property disposed of to the best advantage."

This duty is imposed upon the broker even under exceptional conditions. In *Small* v. *Housman* (*supra*, p. 125) it was stated: " In the case at bar the conditions were exceptional. It was a time of tense excitement, of sudden and violent fluctuations in prices, of veritable panic in which individual judgment was torn from its moorings by the impact of popular frenzy. Notwithstanding these conditions, it was still the duty of the defendants [brokers] to give the plaintiff [customer] reasonable notice."

In this view of the evidence the judgment should be reversed, with costs, and judgment directed to be entered in favor of the defendant on his counterclaim to the extent that his damages exceed, under the theory of this opinion, the debit balance admittedly due plaintiffs on the account, with interest from October 31, 1929, the date stipulated, and costs.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Judgment reversed, with costs, and judgment directed in accordance with opinion, with costs. Settle order on notice.